THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DUELL, JOSEPH DUELL and OSCAR FITZGERALD, Appellants.— Appeal from a judgment of the County Court of Saratoga county, rendered on December 7, 1936, and filed on December 29, 1936, convicting the defendants of the crime of manslaughter in the first degree. The defendants were indicted and tried jointly, and were charged with murder in the second degree, in violating section 1046 of the Penal Law. A demurrer was interposed on the grounds that the indictment did not conform to sections 275 and 276 of the Code of Criminal Procedure, and also that more than one crime was charged within the meaning of sections 278 and 279 of that Code. The demurrer was properly overruled. The three defendants, in company with others, after spending a large part of the day drinking in saloons and roadhouses in different parts of Saratoga county, came to a place in that county about five-thirty in the afternoon of June 6, 1936, where John Coville was employed in directing traffic on a one-way strip of highway where road construction was in progress. The defendants entertained ill-will toward Coville, because of rumors that the latter had spoken disrespectfully about the wife of one of the defendants, who was also the sister of another defendant and the sister-in-law of the third. Coville was then and there charged by one or more of the defendants with making the improper remarks mentioned, and at once he denied that he had done so. Thereupon the defendant John Duell left his seat in the automobile and, going to the place where Coville was standing, made an assault on him, and was knocked down. Defendant Joseph Duell then alighted from the automobile and assaulted Coville, and he was knocked down. Immediately the defendant Oscar Fitzgerald left the automobile and joined in the assault. Coville was beaten with various weapons by the defendants, and was finally struck by one of them with a road flare on the side of the head, and knocked down. He was then pounded and kicked by the

defendants while he lay prostrate on the ground. The defendants then drove away from the scene. One of the injuries thus received by Coville was a fracture of the skull, from which he died two days later. The proof was that death was due to the skull fracture. The defendants did not testify. The charge of the trial judge was adequate and free from error, and the evidence presented was ample to justify the verdict of conviction. Defendants complain, however, that the summation of the district attorney was inflammatory and prejudicial. Some of the remarks referred to did not evince the restraint and caution that is commendable in prosecuting officers, and may not be approved. But they were not of such a character as to call for a new trial. The objections to the rulings on questions of evidence were quite without substance, with a single exception. On the trial the People offered in evidence Exhibit 5, a road flare or torch, presumably of the kind used in highway construction to mark points of danger during the night. A witness identified the one presented as " similar " to the one she saw strike Colville, giving its color and general shape, but little or no other description or characteristics. She did not know of what material it was made, and did not know its weight. Thereupon it was received in evidence, and the jury were permitted to take it in hand and observe its weight. On this extent of proof the court should not have admitted the exhibit. It was the hardness and weight of the flare thrown that made it a " dangerous " weapon, that produced the fracture of the skull and brought about the death of the victim. And upon those characteristics there was no proof, beyond the fact, not disputed, that the exhibit was a road flare, and that it was of the shape of and similar to the one which struck Coville. However, there was no proof that Coville was not struck by a road flare, or that his death was not due to a fracture of the skull, or that he was injured at any other place or time, or by any other persons. It cannot be said, in view of the other evidence, that the substantial rights of the defendants were prejudiced or that a new trial should be granted. (Code Crim. Proc. § 542.) Judgments of conviction unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.